**UNITED STATES of America,**
**Appellee,**

v.

**Vernita NUEY, Defendant–Appellant.**

**No. 05–4684–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 26, 2007.

Steven A. Feldman (Arza Feldman, of Counsel), Feldman and Feldman, Uniondale, NY, for Appellant.

Loyann A. Egal, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Jonathan S. Kolodner, Christine Y. Wong, Assistant United States Attorneys, of Counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: THOMAS J. MESKILL, ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Vernita Nuey appeals from a judgment of conviction sentencing her to concurrent terms of 30 months of incarceration on each count, three years of supervised release, and a special assessment of $400. Defendant was convicted, after a jury trial, of three counts of educational loan fraud and one count of bank loan fraud in connection with her fraudulent application for educational loans in violation of 20 U.S.C. § 1097(a) and 18 U.S.C. § 1344. She appeals the conviction. In particular, she maintains that asserted errors during the trial—(1) the government impermissibly provided interim summation statements throughout the course of the trial, (2) the government's summation argument impermissibly violated her Fifth Amendment right not to testify, and (3) the improper testimony of a government witness regarding her arrest—constitute reversible error. We assume the parties' familiarity with the facts and the procedural history of the case.

On appeal, defendant argues that the District Court allowed the government to provide "interim summation" arguments in violation of our holding in *United States v. Yakobowicz*, 427 F.3d 144 (2d Cir.2005), in which we held that the government may not · make interim "fully argumentative summations" during the course of a criminal trial. *Yakobowicz*, 427 F.3d at 150. Here, after the government submitted into evidence several loan applications and an application for a social security number, the District Court directed the government to "draw the attention of the jury to anything you wish the jury to note." The prosecutor then proceeded to ask the jury to compare the birth dates and social security numbers among the documents and the prosecutor highlighted both similarities and discrepancies. Although we do not condone the conduct of the prosecutor in addressing the jury in this manner, we do not think that this is the type of structural error described in *Yakobowicz*. Moreover, the evidence against the defendant was overwhelming and the error, if any, was harmless. Unlike in *Yakobowicz*, the government's recitation of the data included no argumentative gloss or rhetorical questions to the jury regarding the data.

Defendant also argues that the prosecutor's comment during summation— "[s]o what does the defendant say in response to this veritable mountain of evidence?"—amounts to reversible error. Where a defendant has made a contemporaneous objection to the challenged summation argument, "[d]etermination of whether there should be a reversal requires an evaluation of the severity of the

misconduct, the curative measures taken, and the certainty of conviction absent the misconduct." *United States v. Rosa*, 17 F.3d 1531, 1549 (2d Cir.1994). In this case, the misconduct consisted of a single arguably improper remark by the government, and the District Court took curative action immediately, *sua sponte* instructing the jury to disregard the comment, stating "the defendant doesn't have to say anything. The defendant did not testify. You may not take any inference because the government—because the defendant did not testify." In the jury instructions, he later reminded the jury that "[t]he defendant is under no duty to present evidence or to challenge the evidence presented by the government." Given the evidence against the defendant, it is unlikely the jury would have reached a different conclusion in the absence of the government's comment. We therefore hold that the comment did not amount to "misconduct . . . so severe and significant as to result in a denial of [defendant's] right to a fair trial." *United States v. Rahman*, 189 F.3d 88, 140 (2d Cir.1999) (quoting *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993)).

■ Finally, defendant argues that a witness's statement that "[t]here was some additional information about prior arrests" constituted plain error requiring reversal of the judgment. We find no error in the District Court's handling of the remark. The District Court *sua sponte* took immediate curative action, cutting off the witness and holding a hearing to determine whether defendant was prejudiced. We do not find error in the District Court's handling of the comment, much less that the situation "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quotations and citations omitted).

Upon a review of the record and the relevant law, we detect no reversible error in the District Court's judgment of August 2, 2005. We have considered all of petitioner's claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.